IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **EDWARD J. MORRIS, ESQ.** and **HEESOOK CHOI** | : : : : : : | CIVIL ACTION<br><br>NO. 06-4383 |
| v. | | |
| **ALBERTO R. GONZALES, et al.** | : | |

**MEMORANDUM AND ORDER**

**Kauffman, J.**                                                                                                       September  19,  2007

      Plaintiffs Edward J. Morris and Heesook Choi ("Plaintiffs") bring this action against Defendants Alberto Gonzales, Michael Chertoff, the Director of the United States Citizenship and Immigration Services ("USCIS"), the District Director of USCIS, the United States Department of Justice, the Department of Homeland Security, and USCIS ("Defendants" or "the Government"), challenging the decision of USCIS to revoke Heesook Choi's H1B Visa.  Now before the Court is the Government's Motion to Dismiss pursuant to Fed. R. Civ. P. 12(b)(1) for lack of subject matter jurisdiction (the "Motion").  For the following reasons, the Motion will be denied in part and granted in part.

**I.     BACKGROUND**

      Plaintiff Edward Morris ("Morris") is an attorney admitted to practice in Pennsylvania. Compl. ¶ 2.  He is a solo practitioner whose law firm has significant business in South Korea.  Id. at ¶ 48.  Plaintiff Heesook Choi ("Choi") is a citizen of the Republic of South Korea, and currently resides in Seoul, South Korea.  Id. at ¶ 3.

      On August 1, 2003, Morris, as petitioner, and Choi, as beneficiary, filed a Form I-129

petition[1] seeking an H1B Visa[2] pursuant to Section 101(a)(15)(H)(i)(b) of the Immigration and Nationality Act ("INA"), 8 U.S.C. § 1101(a)(15)(H)(i)(b). Id. at ¶ 9. At the time, Choi was in the United States on a tourist visa (a "B2 Visa") due to expire on August 23, 2003. Id. at ¶¶ 10, 14. Morris sought an H1B Visa for Choi because he wanted to hire her as his paralegal and assistant, believing that her "background, experience, and tri-lingual skills" would enable her to serve his clients and conduct contract negotiations. Id. at ¶ 41. The petition included documentation intended to establish that Choi had the equivalent training and experience needed to qualify her for work as a nonimmigrant alien in a "specialty occupation." Id. at ¶ 11. On October 23, 2003, the Vermont Office of USCIS approved the petition, and issued Choi an H1B Visa and I-94 form[3] valid from October 21, 2003 to August 26, 2006. Id. at ¶ 12.

On January 22, 2004, Choi left the United States to visit her family in South Korea. Id. at ¶ 14. Her departure date was within 180 days of the expiration date of her original B2 Visa. Id. On February 1, 2004, she appeared in the Hong Kong Consulate Office of the United States and requested re-entry to the United States in accordance with her H1B Visa. Id. at ¶ 15. She

---

[1] Form I-129 is used by employers to petition USCIS for aliens to come temporarily to the United States as nonimmigrants. See http://www.uscis.gov/files/form/ i-129instr.pdf.

[2] H1B Visas are issued to nonimmigrant aliens who temporarily come to the United States to perform services in a "specialty occupation." 8 U.S.C. § 1184(i)(1) defines a "specialty occupation" as an occupation that requires: "(A) theoretical and practical application of a body of highly specialized knowledge, and (B) attainment of a bachelor's or higher degree in the specific specialty (or its equivalent) as a minimum for entry into the occupation in the United States." 8 U.S.C. §1184(i)(1).

[3] I-94 forms are issued to nonimmigrant aliens who enter the United States on a visa, and are used to track their arrival and departure from the United States. See http://www.cbp.gov/xp/cgov/travel/id_visa/i-94_instructions/filling_out_i94.xml.

subsequently received a letter dated February 10, 2004 from the Consulate Office informing her that she had been found ineligible to receive a nonimmigrant visa under Section 212(a)(9)(B)(i) of the INA on the grounds that: (1) she overstayed her original B2 Visa by five months, and (2) the Consular Section interviewing officer "[was] not convinced that Ms. Choi has the skills required to do the job outlined by the sponsor" in the H1B Visa petition.  Id. at ¶ 16.

Morris was informed by a letter from USCIS dated March 25, 2005, that the petition had been approved in "error."  Id. at Exh. F.  On April 20, 2005, he responded to that letter, and then on April 26, 2005, he submitted further documentation regarding Choi's experience and credentials.  Id. at Exh. G.  He was notified by letter dated May 19, 2005, that the evidence he had submitted did not overcome the grounds for revocation.  Id. at Exh. H.

On June 23, 2005, Morris filed a notice of appeal with the Administrative Appeals Office ("AAO"), alleging that the revocation was not in accordance with applicable law and should be withdrawn, and that the petition should be approved.  Id. at ¶ 21.  The AAO issued a decision on August 31, 2006, stating that the appeal was dismissed and that the petition was revoked.  Id. at ¶ 22.

Plaintiffs filed the instant action on October 27, 2006, requesting that the Court assume jurisdiction over the matter and direct Defendants to issue Choi an H1B Visa.  Defendants subsequently filed a Motion to Dismiss pursuant to Fed. R. Civ. P. 12(b)(1), arguing that the Court lacks subject matter jurisdiction over this case.  In the alternative, Defendants contend that Choi does not have standing, and therefore, should be dismissed as a party to the action.

II.  LEGAL STANDARD

    A.  Fed. R. Civ. P. 12(b)(1)

In considering a motion to dismiss for lack of subject matter jurisdiction under Rule 12(b)(1), the Court must distinguish between motions that attack the complaint on its face and those that attack the existence of subject matter jurisdiction in fact.  Mortensen v. First Fed. Sav. & Loan Ass'n, 549 F.2d 884, 891 (3d Cir. 1977).  A facial attack is considered under the same standard as a motion to dismiss under Rule 12(b)(6); all well pleaded allegations in the complaint are taken to be true.  Id.  If the attack is factual, however, the plaintiff's allegations are not presumed to be true.  Id.  The Court may look beyond the pleadings and make its own determination as to whether it has the power to hear the action.  Cestonaro v. United States, 211 F.3d 749, 752 (3d Cir. 2000).  Further, the plaintiff bears the burden of proving that jurisdiction does in fact exist.  Mortensen, 549 F.2d at 891.

    B.  Fed. R. Civ. P. 12(b)(6)

When deciding a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), the Court may look only to the facts alleged in the complaint and its attachments.  Jordan v. Fox, Rothschild, O'Brien & Frankel, 20 F.3d 1250, 1261 (3d Cir. 1994).  The Court must accept as true all well-pleaded allegations of the complaint and view them in the light most favorable to the plaintiff.  Angelastro v. Prudential-Bache Sec., Inc., 764 F.2d 939, 944 (3d Cir. 1985).  "In considering whether the complaint survives a motion to dismiss, we review whether it contain[s] either direct or inferential allegations respecting all the material elements necessary to sustain recovery under *some* viable legal theory."  Montville Tp. v. Woodmont Builders, LLC, 2007 WL 2261567, at *2 (3d Cir. Aug. 8, 2007) (citing Bell Atl. Corp. v. Twombly, 127 S. Ct. 1955, 1969

(2007)).[4]

## III.   ANALYSIS

The Government's Motion argues that dismissal of this action is appropriate based on two separate grounds: (1) 8 U.S.C. § 1252(a)(2)(B)(ii) strips district courts of jurisdiction to review decisions regarding the revocation of H1B Visas because such decisions are within the discretion of the Secretary of Homeland Security (and, by delegation, USCIS); and (2) the Administrative Procedure Act, 5 U.S.C. § 701 et seq. (the "APA"), does not permit judicial review of agency actions committed to an agency's discretion by law.  The Government also argues that if the Court does not dismiss this action on jurisdictional grounds, Choi should be dismissed as a party because she does not have standing to seek review of the revocation of her H1B Visa.

### A.     Applicability of 8 U.S.C. § 1252(a)(2)(B)(ii)

The Government's first argument centers on 8 U.S.C. § 1252(a)(2)(B)(ii), which provides, in relevant part, that:

> Notwithstanding any other provision of law ... no court shall have jurisdiction to review ... any other decision or action of the Attorney General or the Secretary of Homeland Security the authority for which is specified under this title to be in the discretion of the Attorney General or Secretary of Homeland Security, other than the granting of relief under section 208(a) [8

---

[4]     In Twombly, the United States Supreme Court rejected the pleading standard articulated in Conley v. Gibson, 355 U.S. 41, 45-46 (1957), that a plaintiff could survive a motion to dismiss unless he could prove "no set of facts in support of his claim which would entitle him to relief." Twombly, 127 S. Ct. at 1969 ("this famous observation has earned its retirement").

U.S.C. § 1158(a)].[5]

The statute conferring USCIS with the authority to revoke Choi's H1B petition is 8 U.S.C. § 1184, which provides that: "The admission to the United States of any alien as a nonimmigrant shall be for such time and under such conditions as the Attorney General may by regulations prescribe..." 8 U.S.C. § 1184(a)(1).[6]  The plain language of § 1184(a)(1) authorizes USCIS to implement regulations setting the conditions of nonimmigrant admission to the United States and dictating the time period for which nonimmigrants may be admitted.  Although not specified in the statute, inherent in the power to set the conditions for nonimmigrant admission is the power to determine the conditions for revocation of nonimmigrant visa petitions.  Cf. Eastern Carpet House, Inc. v. Dep't of Homeland Sec., 430 F. Supp. 2d 672, 675 (S.D. Tex. 2006) (noting that the "greater power" to decide who may be admitted into the country as a nonimmigrant, and under what conditions such an admission may occur, "includes the lesser power of denying a petition to extend a nonimmigrant's visa status").[7]  Accordingly, since § 1184(a)(1) empowers USCIS to revoke a nonimmigrant visa (such as Choi's H1B Visa), the question before the Court is whether the statute provides discretionary authority to USCIS, such that judicial review is precluded under § 1252(a)(2)(B)(ii).

---

[5]  The language "this subchapter" refers to Subchapter II in Chapter 12 of Title 8 of the United States Code.  8 U.S.C. § 1184, discussed infra, is included within Subchapter II.

[6]  As of March 1, 2003, the Immigration and Naturalization Service ceased to be a part of the Department of Justice and became incorporated into the Department of Homeland Security, with responsibilities divided between USCIS and two other bureaus.

[7]  In fact, as will be discussed infra in Part III.B, the Attorney General has established such conditions for revocation.  See 8 C.F.R. § 214.2(h)(11).

The Government argues that judicial review of the decision to revoke Choi's visa is precluded by § 1252(a)(2)(B)(ii) because § 1184(a)(1) grants complete discretion to the Secretary of Homeland Security (and, by delegation, to USCIS) over decisions regarding nonimmigrant visas.  The Third Circuit has not yet considered this particular provision of the INA, but its decisions regarding the applicability of § 1252(a)(2)(B)(ii) to other provisions of the INA are instructive.[8]  In Soltane v. United States Department of Justice, 381 F.3d 143 (3d Cir. 2004), the Third Circuit held that "[t]he key to § 1252(a)(2)(B)(ii) lies in its requirement that the discretion giving rise to the jurisdictional bar must be specified by statute.  In other words, the language of the statute in question must provide the discretionary authority before the bar can have any effect." 381 F.3d at 146 (internal quotations marks omitted).  "[T]he question of whether discretionary authority has been specified by statute should be considered by examining the statute as a whole.  But ... the use of marginally ambiguous statutory language without more [is not] adequate to specif[y] that a particular action is within the Attorney General's discretion for purposes of § 1252(a)(2)(b)(ii)." Id. at 147 (internal quotation marks omitted).  Moreover, "Congress knows how to 'specify' discretion and has done so repeatedly in ... provisions of the INA;" therefore, courts should not read discretion into a statute where Congress has not used the same explicit discretion-granting language that it has used in other provisions of the INA.  Alaka v. Attorney Gen. of the U.S., 456 F.3d 88, 97-98 (3d Cir. 2006) ("It is a fundamental canon of

---

[8]  Federal courts in other jurisdictions have considered the issue and reached conflicting conclusions as to whether § 1252(a)(2)(B)(ii) bars judicial review of decisions made pursuant to § 1184.  Compare M.D. Mgmt. Co. v. U.S. Dep't of Homeland Sec., 2005 WL 91307, at *2 (D. Mass. Jan. 18, 2005) (§ 1252(a)(2)(B)(ii) does *not* strip courts of jurisdiction to review decision under § 1184), with, e.g., Maheever, Inc. v. Bushey, 2006 WL 1716723, at *3-4 (D.D.C. June 19, 2006) (§ 1252(a)(2)(B)(ii) *does* strip courts of jurisdiction to review decision under § 1184), and Eastern Carpet House, 430 F. Supp. 2d at 675 (same).

statutory construction that where sections of a statute do not include a specific term used elsewhere in the statute, the drafters did not wish such a requirement to apply." (quoting United States v. Mobley, 956 F.2d 450, 452-53 (3d Cir. 1992))).

The Government argues that the Third Circuit's decision in Jilin Pharmaceutical USA, Inc. v. Chertoff, 447 F.3d 196 (3d Cir. 2006), that § 1252(a)(2)(b)(ii) strips federal courts of jurisdiction to review decisions to revoke *immigrant* visas made pursuant to 8 U.S.C. § 1155, is equally applicable in this case to the decision to revoke a *nonimmigrant* visa.  The instant case is not, however, analogous to Jilin.  The statute at issue in Jilin, 8 U.S.C. § 1155, includes explicit statutory language delegating the specific power to revoke immigrant visas to the Secretary of Homeland Security.  See 8 U.S.C. § 1155 ("The Secretary of Homeland Security may, at any time, for what he deems to be good and sufficient cause, revoke the approval of any petition approved by him under section 1154 of this title.").  However, as the Court has already noted, § 1184(a)(1), unlike § 1155, does not mention explicitly USCIS's power to revoke a visa within the text of the statute.

The instant case is more closely analogous to Khan v. Attorney General of the United States, 448 F.3d 226 (3d Cir. 2006), in which the Third Circuit held that federal courts have jurisdiction to review the denial of an alien's request for a continuance of removal proceedings. See 448 F.3d at 230-33.[9]  The Court noted that the only provision in the INA which might be

---

[9] The Third Circuit reached the opposite conclusion in Mahmood v. Attorney General of the United States, 187 Fed. Appx. 138 (3d Cir. 2006).  However, the Court's opinion in that case was not precedential, and therefore is not binding on the Court, particularly in light of the Third Circuit's precedential opinion in Khan.  See, e.g., Kolkevich v. Attorney Gen. of the U.S., 2007 WL 2505584, at *8 n.5 (3d Cir. Sept. 6, 2007) (noting that non-precedential opinions "are not binding precedent in this circuit").

construed to confer discretion to grant such a continuance is 8 U.S.C. § 1229a(a), which authorizes "[a]n immigration judge [to] conduct proceedings for deciding the inadmissibility or deportability of an alien," but that "[a]rguably, a tribunal authorized to hear a matter has inherent authority to continue the hearing to another time." Id. at 230 (quoting 8 U.S.C. § 1229a(a)(1)). The Court also observed that the explicit grant of the authority to allow a continuance is found in a federal regulation rather than any provision of the INA. Id. (citing 8 C.F.R. § 1003.29). Ultimately, the Third Circuit concluded that because the authority to rule on a continuance motion was not specified in the actual statute to be in the discretion of the Attorney General, § 1252(a)(2)(B)(ii) does not deprive federal courts of jurisdiction to review the denial of such a motion. Id. at 233.

Similarly, in the instant case, while § 1184(a)(1) provides USCIS with the general authority to set conditions for nonimmigrant admission to the United States, the statute does not explicitly confer USCIS with the discretion to revoke nonimmigrant visas. Instead, the rules that explicitly outline USCIS's authority to revoke a nonimmigrant visa are contained within federal regulations. See 8 C.F.R. § 214.2(h). Since the authority to revoke a nonimmigrant visa is not "specified under [§ 1184(a)(1)] to be in the discretion of the Attorney General or Secretary of Homeland Security," the Court must not read such a grant of discretion into the statute. Alaka, 456 F.3d at 97-98. Therefore, § 1252(a)(2)(B)(ii) does not deprive this Court of jurisdiction to review the decision to revoke Choi's visa.

### B.     Applicability of § 701(a)(2) of the Administrative Procedure Act

The Government next argues that the APA does not permit judicial review of the decision

to revoke Choi's visa because there is no meaningful standard of review for USCIS's decision. Section 701 of the APA precludes judicial review of any "agency action [which] is committed to agency discretion by law." 5 U.S.C. § 701(a)(2). "An action is considered to be within an agency's absolute discretion, and not subject to judicial review, if the relevant statute *or regulation* 'is drawn so that a court would have no meaningful standard against which to judge the agency's [action].'" Purveegin v. Gonzales, 448 F.3d 684, 689 (3d Cir. 2006) (emphasis added) (citations omitted); see also Chong v. Dir., U.S. Info. Agency, 821 F.2d 171, 175 (3d Cir. 1987) ("Thus, in order to find that an agency action is not subject to judicial review, we must find that there are no judicially manageable standards against which a court may judge whether an agency abused its discretion."). "Only if the governing provisions affirmatively circumscribe the agency's authority, constraining its decision in a definite and defined manner, may a court competently assess the validity of it action." Purveegin, 448 F.3d at 689 (citations omitted).

Pointing to the language of 8 U.S.C. § 1184(a)(1), the Government maintains that there is no standard of review to apply in this case. The Government fails, however, to address the regulations which govern the revocation of an H1B Visa. 8 C.F.R. § 214.2(h)(11)(iii), which governs "Revocation on notice," provides that:

> The director shall send to the petitioner a notice of intent to revoke the petition in relevant part if he or she finds that:
> (1) The beneficiary is no longer employed by the petitioner in the capacity specified in the petition, or if the beneficiary is no longer receiving training as specified in the petition; or
> (2) The statement of facts contained in the petition was not true and correct; or
> (3) The petitioner violated the terms and conditions of the approved petition; or

>   (4)   The petitioner violated requirements of section 101(a)(15)(H) of the Act or paragraph (h) of this section; or
>
>   (5)   The approval of the petition violated paragraph (h) of this section or involved gross error.

This list of five circumstances under which revocation (after providing notice) of an H1B Visa would be appropriate imposes affirmative limits on USCIS's authority to revoke a visa. In the instant case, the Administrative Appeals Office cited § 214.2(h)(11)(iii)(5) as the basis for USCIS's decision to revoke Choi's visa. See Compl. at Exh. J. Therefore, the Court has a means to "competently assess" the validity of the decision to revoke Choi's visa – approval of the petition must have "violated paragraph (h)" of § 214.2 or been in "gross error" in order to justify the revocation. Purveegin, 448 F.3d at 689; see also, e.g., Mounkam v. Way, 2007 WL 974102, at * 7 (D. Ariz. March 30, 2007) ("Even where a reading of the statute supports the conclusion that the agency decision is discretionary, the challenged decision 'may nonetheless be reviewed if regulations or agency practice provide a meaningful standard by which [the] court may review [the agency's] exercise of discretion.'") (citation omitted). Accordingly, the Court rejects the Government's argument that the APA does not allow judicial review in this case. See Chong, 821 F.2d at 176 (holding that the regulations at issue "provide sufficient guidance to make possible judicial review under an abuse of discretion standard").

### C. Plaintiff Heesook Choi's Standing

Finally, the Government argues that Choi lacks standing and should be dismissed from the case. Plaintiff Morris, the petitioner, is the only party with standing to seek review of the revocation of Choi's visa. See 8 C.F.R. § 103.3(a)(1)(iii)(B) (the "affected party ... [is] the person or entity with legal standing in a proceeding. It does not include the beneficiary of a visa

petition."); see also Blacher v. Ridge, 436 F. Supp. 2d 602, 606 n.3 (S.D.N.Y. 2006).  Morris concedes this point in his Amended Response to the Government's Motion.  Accordingly, Heesook Choi will be dismissed as a party to this action.

## IV.    CONCLUSION

For the foregoing reasons, the Court will deny in part and grant in part the Government's Motion to Dismiss.  An appropriate Order follows.

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **EDWARD J. MORRIS, ESQ.** and | : | CIVIL ACTION |
| **HEESOOK CHOI** | : | |
| | : | NO. 06-4383 |
| v. | : | |
| | : | |
| **ALBERTO R. GONZALES**, <u>et al.</u> | : | |

### ORDER

**AND NOW**, this   19th   day of September, 2007, upon consideration of the Government's Motion to Dismiss (docket no. 10) and Plaintiffs' Response thereto (docket no. 15), it is **ORDERED** that the Government's Motion is **GRANTED** in part. Plaintiff Heesook Choi is dismissed from this action. In all other respects, the Government's Motion is **DENIED**.

BY THE COURT:

/s/ Bruce W. Kauffman
**BRUCE W. KAUFFMAN, J.**

-13-